UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
PATRICK DOLAN, JR. and ANTHONY             :
SAPORITO as Trustees and Co-Chairmen       :
and KEVIN J. DRISCOLL as Administrator:
of THE STEAMFITTERS' INDUSTRY              :
PENSION FUND, THE STEAMFITTERS'            :
INDUSTRY SUPPLEMENTAL                      :
RETIREMENT PLAN, THE                       :
STEAMFITTERS' INDUSTRY                     :
WELFARE FUND, THE                          :
STEAMFITTERS' INDUSTRY HEALTH              :
REIMBURSEMENT ACCOUNT FUND,                :
THE STEAMFITTERS' INDUSTRY                 :
SECURITY BENEFIT FUND, THE                 :
STEAMFITTERS' INDUSTRY                     :
VACATION PLAN, and THE                     :
STEAMFITTERS' INDUSTRY                     :
EDUCATIONAL FUND,                          :
                                           :
             and                           :
                                           :
PATRICK DOLAN, JR. and JEROME              :
MOREALE as Trustees and Co-Chairmen        :
and KEVIN J. DRISCOLL as                   :
Administrator of THE METAL TRADES          :
BRANCH LOCAL 638 WELFARE FUND, :
THE METAL TRADES BRANCH LOCAL :
638 PENSION FUND, and the SERVICE          :
FITTERS INDUSTRY EDUCATIONAL               :
FUND,                                      :
             Plaintiffs,                   :
                                           :
        - against -                        :
                                           :
ARC MECHANICAL CORP.,                      :
                                           :
             Defendant.                    :
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 17, 2012

11 Civ. 09691 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioners Patrick Dolan, Jr. and Anthony Saporito, as Trustee and Co-Chairmen, and

Kevin J. Driscoll, as Administrator, of The Steamfitters' Industry Pension Fund, The

Steamfitters' Industry Supplemental Retirement Plan, The Steamfitters' Industry Welfare Fund, The Steamfitters' Industry Health Reimbursement Account Fund, The Steamfitters' Industry Vacation Plan, and The Steamfitters' Industry Educational Fund ("SI Funds"), and Patrick Dolan, Jr. and Jerome Moreale, as Trustees and Co-Chairmen, and Kevin J. Driscoll, as Administrator, of The Metal Trades Branch Local 638 Welfare Fund, The Metal Trades Branch Local 638 Pension Fund, and the Service Fitters Industry Educational Fund ("MT Funds") (collectively, "the Funds") petition to confirm two 2011 labor arbitration awards ("the Awards") pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, and to enter judgment thereon. (Compl., ECF No. 1.)  The arbitration awards arise from disputes between the Construction and Metal Trades (Service) Branches of Enterprise Association Steamfitters' Local 638 of the United Association AFL-CIO and Defendant ARC Mechanical Corporation ("ARC"). (Id. ¶ 3.)  The Awards are based on interpretations of Collective Bargaining Agreements ("CBAs") as to ARC's contractual obligation to make certain contributions to the Funds.  An arbitrator found in favor of the Funds and issued his Awards in writing.

ARC opposes the Funds' petition on two grounds.  First, it claims that the arbitrator rendered awards that were in "manifest disregard" of the evidence.  (Opp'n at 5, 7, ECF No. 12.)  Second, ARC argues that the Awards should be vacated on statutory grounds because the arbitrator exceeded the scope of his authority and engaged in misconduct by rendering "completely irrational" awards, which failed to consider the evidence.  (Id. at 7.)  In the alternative, ARC argues that the Awards should be modified to correct miscalculations adopted by the arbitrator with respect to hours worked by CBA-covered employees.  (Id. at 9.)

**BACKGROUND**

The parties are signatories to CBAs that governed the rates of pay, wages, hours, and other terms and conditions of employment for applicable employees of ARC. (Compl. ¶ 8.) Pursuant to the CBAs, ARC agreed to pay the Funds certain benefit contributions per hour worked by employees covered by each respective CBA.[1] (Id. ¶ 9.)

The Funds assert that ARC did not contribute the amounts required under the CBAs and relevant statutory provisions. (Id. ¶ 11.) As such, the SI Funds and the MT Funds conducted reviews of ARC's records with regard to its construction steamfitters and service fitters, pursuant to the Construction CBAs and Metal Trades CBA respectively, which the Funds assert constituted valid audits. (Id. ¶¶ 12, 13.) These reviews determined that for the period of January 1, 2006 through December 31, 2008, the amount that ARC owed under the Construction CBA was $135,880.86, and the amount that ARC owed under the Metal Trades CBA was $151,952.69. (Id.)

The Funds thereafter commenced an arbitration for delinquency before Edward J. Nolan, Esq., the designated contractual arbitrator. (Id. ¶ 16.) The arbitrator held a hearing on December 7, 2011, at which the Funds appeared and were represented by counsel. (Id. ¶ 17; Opp'n at 2–3.) ARC received proper notice but chose not to appear; instead, ARC was represented by its counsel, who participated in the arbitration and conducted extensive cross-examination of the Funds' witnesses. (Opp'n at 2–3; Compl. ¶ 17; see Compl. Ex. A at 2; Compl. Ex. B at 2.) ARC

---

[1] The SI Funds are the Construction Branch's employee benefit welfare plans and employee benefit pension plans as defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1) and (2), and multi-employer plans within the meaning of ERISA, 29 U.S.C. §§ 1145 and 1002(37). (Compl. ¶ 5.) The MT Funds are employee benefit welfare plans and employee pension plans as defined in ERISA, 29 U.S.C. §§ 1145 and 1002(37). (Id. ¶ 6.) The purpose of the Funds is to receive and collect required benefit contributions, and to provide various fringe benefits to eligible employees, on whose behalf employers contribute to the Funds pursuant to the CBAs. (Id. ¶¶ 5, 6.) The Funds operate pursuant to the terms of written Agreements and Declarations of Trust. (Id.)

also submitted post-hearing materials, including an affidavit of its president, along with various exhibits. (Id.) During the arbitration, ARC argued that the reviews of ARC's books and records ordered by the Funds did not constitute valid audits and did not utilize proper procedures and assumptions. (Opp'n at 2–3; see Compl. Ex. A at 2–4; Compl. Ex. B at 2–4.)

The arbitrator considered the evidence and arguments and, on December 22, 2011, issued his decision, finding in favor of the Funds, and awarding the SI Funds $139,880.86 and the MT Funds $155,952.69 (including arbitration and legal costs). (Compl. ¶¶ 18, 31; Compl. Ex. A at 5; Compl. Ex. B at 5.)

On December 30, 2011, the Funds commenced this action seeking to confirm and enforce the Awards. (Compl.) On January 31, 2012, the Funds moved for default judgment as to ARC, pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 9.) On February 28, 2012, the parties met for a pre-motion conference before this Court, at which the Funds withdrew their motion for default judgment, and the Court ordered the parties to submit memoranda of law in support of and in opposition to the petition to confirm the Awards. ARC opposes the confirmation of the Awards and, pursuant to Section 10(a) of the FAA, 9 U.S.C. § 10(a), cross-moves to vacate the awards. (Opp'n at 4.)

## ANALYSIS

**I.    THE SCOPE OF FEDERAL COURT REVIEW OF AN ARBITRATION AWARD**

"The role of a district court in reviewing an arbitral award is 'narrowly limited,' and 'arbitration panel determinations are generally accorded great deference under the FAA.'" Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH, 840 F. Supp. 2d 703, 710 (S.D.N.Y. 2011) (quoting Tempo Shain v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997)). When a party to an arbitration applies to a district court for an order confirming an arbitration award, "the

court must grant such an order unless the award is vacated, modified, or corrected" as prescribed in the FAA.  9 U.S.C. § 9; see Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 78 (2d Cir. 2012).

"[A] motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award."  Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004).  "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  Id. (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003)); see D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

## II.   VACATUR ON STATUTORY GROUNDS

Under Section 10(a) of the FAA, a court may vacate an arbitration award only for "corruption, fraud, or undue means in procurement of the award[;] evident partiality or corruption in the arbitrators[;] specified misconduct on the arbitrators' part[;] or where the arbitrators exceeded their powers."  Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011) (quotations omitted); see 9 U.S.C. § 10(a).  ARC contends that the Awards should be vacated because the arbitrator's Awards were "completely irrational," and as such the arbitrator "exceeded the scope of his authority and engaged in misconduct."[2]  (Opp'n at 7.)  There is no basis for this conclusion.

---

[2] The Second Circuit has noted that "[o]ther Circuits have recognized additional, nonstatutory bases upon which a reviewing court may vacate an arbitrator's award, including where the awards are 'completely irrational' . . . [but to] the extent our sister courts may have broadened somewhat the path to vacatur of an arbitration award . . . we will vacate an award only upon finding a violation of one of the four statutory bases, or, more rarely, if we find a panel has acted in manifest disregard of the law.'" Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 139 (2d Cir. 2007) (citations omitted).  As such, the Court considers ARC's "completely irrational" argument subsumed within its arguments that the Awards should be vacated on the basis of violations of Section 10(a) and because the arbitrator acted in manifest disregard of the law.

Section 10(a)(3) of the FAA provides that a federal court may vacate an arbitration award if "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy[,] or of any other misbehavior by which the rights of the party have been prejudiced[.]"  9 U.S.C. § 10(a)(3).  To justify vacatur on this ground, the misconduct must amount to a denial of fundamental fairness of the arbitration proceeding.  Fellus v. Sterne, Agee & Leach, Inc., 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011).  Such misconduct denies a party sufficient opportunity to present proof of a claim or defense and renders the resulting arbitral decision biased, irrational, or arbitrary.  Supreme Oil Co., Inc. v. Abondolo, 568 F. Supp. 2d 401, 408 (S.D.N.Y. 2008).

"Courts have interpreted [S]ection 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."  Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997).  In evaluating fundamental fairness, courts recognize that "an arbitrator need not follow all the niceties observed by the federal courts."  Bell Aerospace Co. Div. of Textron, Inc. v. UAW Local 516, 500 F.2d 921, 923 (2d Cir. 1974).  Arbitrators are not required to hear all the evidence proffered by a party, but "must give each of the parties to the dispute an adequate opportunity to present its evidence and argument."  Tempo Shain Corp., 120 F.3d at 20 (quoting Hoteles Condado Beach v. Union De Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985)).

ARC fails to show that the arbitrator made the arbitration process "fundamentally unfair." ARC received proper notice, but chose not to be present at the hearing.  Instead, it sent counsel who fully participated in the arbitration proceeding.  ARC's counsel challenged the Funds' evidence and provided the arbitrator with post-hearing submissions and ARC's own evidence. (Opp'n at 2–3; Compl. Ex. A at 2–4; Compl. Ex. B at 2–4.)  In Tempo Shain Corp., the court

found the "fundamental fairness" test unsatisfied where an arbitration panel refused to allow a witness to testify. See 120 F.3d at 20–21. Here, however, ARC was not prevented from presenting witnesses, ARC's counsel cross-examined the Funds' witnesses, and ARC asked for and was allowed to submit a post-hearing affidavit with exhibits. Cf. Ashraf v. Republic New York Sec., 14 F. Supp. 2d 461, 466–67 (S.D.N.Y. 1998) (finding use of post-hearing submissions did not constitute fundamental unfairness).

ARC chose not to produce its own witnesses. It was appropriate for the arbitrator to note ARC's failure to call individuals who could have presented testimony to rebut the Funds' evidence regarding the audit. (See Compl. Ex. A at 2–4; Compl. Ex. B at 2–4.) The arbitrator noted that the Funds' witnesses refuted ARC's post-hearing submissions and that none of ARC's documents could be fully credited without live witness testimony. (Id.) Thus, any prejudice ARC experienced was due to its choice not to appear at the arbitration hearing and present live witness testimony, as well as its submissions of incomplete company records.

ARC does not allege that it was barred from presenting any of its evidence on the contributions. It merely alleges that payroll records and remittance reports that would have allegedly demonstrated the implausibility of the Funds' audit results were not properly considered by the arbitrator. (Opp'n at 8.) The arbitrator's decision not to fully credit ARC's evidence does not equate to absence of fundamental fairness that deprived ARC of a full opportunity to present its case. See, e.g., Fellus, 783 F. Supp. 2d at 621. Therefore, the Court finds that the arbitrator did not engage in misconduct warranting vacatur.

ARC also does not assert that the arbitrator did not have the power under the CBAs to rule on the issues at hand. Instead, ARC claims that arbitrator exceeded his authority because the Awards are "completely irrational." But this is just another way of saying that ARC does not

like the arbitrator's decision.  The Awards were obviously within the scope of the arbitrator's authority.  The Second Circuit has "consistently accorded the narrowest of readings to [S]ection 10(a)(4) permitting vacatur where the arbitrator has exceeded [his] powers. . . . The focus of our inquiry in challenges to an arbitration award under section 10(a)(4) is whether the arbitrator[] had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, *not whether the arbitrator[] correctly decided that issue*."  Jock, 646 F.3d at 122 (quotations omitted).  As the Second Circuit has made clear, if an arbitration panel renders a decision on an issue properly before it, "it follows that the arbitration panel did not exceed its authority in deciding that issue—irrespective of whether it decided the issue correctly."  T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 346 (2d Cir. 2010) (quotations omitted).  "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable" under Section 10(a)(4).  Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S.Ct. 1758, 1767 (2010).  ARC makes no argument that the arbitrator here acted this way.  Accordingly, the motion to vacate cannot be granted on statutory grounds.

### III.     "MANIFEST DISREGARD"

A court may "vacate an [arbitration] award only upon finding a violation of one of the four statutory bases, or, more rarely, if [it] find[s] a panel has acted in manifest disregard of the law."  Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 139 (2d Cir. 2007).  Recent Supreme Court decisions have called into question whether "manifest disregard of the law" is still viable as an independent ground for review of an arbitration award.  See Hall St. Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 585–86 (2008); see also Stolt-Nielsen, 130 S.Ct. at 1768 n.3 ("We do not decide whether 'manifest disregard' survives our decision in [Hall St.] as

an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10."). The Second Circuit "continue[s] to recognize that standard as a valid ground in the wake of the Supreme Court's decision[s]." Schwartz v. Merrill Lynch & Co., Inc, 665 F.3d 444, 452 (2d Cir. 2011). Accordingly, the Court analyzes the Awards under the manifest disregard of the law standard as well.

To justify vacatur on the basis of manifest disregard of the law, the Court must find (1) that "the governing law alleged to have been ignored by the arbitrator[] was well defined, explicit, and clearly applicable," and (2) that "the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." Jock, 646 F.3d at 122 n.1 (quotations omitted); see Schwartz, 665 F.3d at 452. ARC makes no argument that any law that governs this dispute was ignored by the arbitrator.

Instead, ARC contends that the arbitrator failed to consider its evidence and issued the Awards "with manifest disregard of the evidence and facts." (Opp'n at 7.) ARC argues that its evidence demonstrates that the calculations used in the Funds' audit reports were clearly erroneous, thereby reflecting greater contribution payments owed than the Funds are entitled to. (Id. at 6–7.)

However, "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." Wallace, 378 F.3d at 193 (quotation omitted); Fed. Ins. Co. v. Bergesen d.y. ASA Oslo, No 12. Civ. 3851 (PAE), 2012 WL 3886887, at *5 (S.D.N.Y. Sept. 7, 2012); New York City Dist. Council of Carpenters v. Dufour Grp. Inc., No. 12 Civ. 173 (AJN), 2012 WL 1372122, at *4 (S.D.N.Y. Apr. 19, 2012). Indeed, "[a] federal court may not conduct a reassessment of the evidentiary record." Wallace, 378 F.3d at 193; McQueen-Starling v. United Health Grp., Inc., No. 08 Civ. 4885 (JGK), 2011 WL 104092, at *5

9

(S.D.N.Y. Jan. 11, 2011). Instead, "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 516 (2d Cir. 1991) (quotation omitted); Finkelstein v. UBS Global Asset Mgmt. (US) Inc., No. 11 Civ. 356 (GBD), 2011 WL 3586437, at *7 (S.D.N.Y. Aug. 9, 2011). "Put another way, an arbitration award should be enforced, [even] despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008) (quotation omitted); Kingsbury Navigation Ltd. v. Koch Shipping Inc., No. 11 Civ. 6575 (DAB), 2012 WL 2345170, at *3 (S.D.N.Y. June 14, 2012).

      ARC fails to cite any valid law for the proposition that manifest disregard of the facts is a ground for vacatur of an arbitration award. ARC relies most heavily on Halligan v. Piper Jaffray, Inc., 148 F.3d 197 (2d Cir. 1998). In Halligan, the Second Circuit reviewed the district court's confirmation of an arbitration award that rejected an employment discrimination claim. Finding that the award had been made in the face of "overwhelming evidence" that led the Second Circuit to believe that the arbitrators had "manifestly disregarded the law or the evidence or both," the court reversed the district court's decision. Id. at 203–04. The Second Circuit has explicitly limited this decision however, noting that Halligan addressed a unique circumstance where the arbitration tribunal did not issue an explanation of its findings, and cautioned against an overbroad reading of the case. See Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 213 n.9 (2d Cir. 2002). Moreover, the Second Circuit has characterized Halligan's suggestion that arbitral awards may be vacated on the ground of manifest disregard of evidence as *dicta*. Id.

      Additionally, ARC cites Arista Techs., Inc. v. Arthur D. Little Enters., Inc., 27 F. Supp. 2d 162 (E.D.N.Y. 1998), in support of its cross-motion to vacate the arbitration award.

However, Arista discusses manifest disregard of the law—not manifest disregard of the facts—and actually upheld the award at issue after acknowledging the limited scope of manifest disregard of the law as a ground to vacate. Id. at 167. The other case ARC cites in support of vacating an award that was in manifest disregard of the law, Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union Local 261, 950 F.2d 95 (2d Cir. 1991), has no bearing on the instant case as Hoffman dealt with an arbitration panel's failure to follow the CBA. Here, there is no indication that the arbitrator exceeded the bounds of the CBAs in rendering his decision.

Finally, ARC cites several inapplicable cases to support vacatur for awards against public policy. To refuse confirmation of an arbitral award on such grounds, the arbitrator's interpretation of the contract must violate "some explicit public policy" that is "'well defined and dominant,' and must be 'ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" Schwartz, 665 F.3d at 452 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987)). Just as ARC has not identified any controlling law in which the arbitrator issued the Awards in manifest disregard, ARC has not identified or argued any public policy implicated by the instant case. Therefore, the Awards cannot be vacated on manifest disregard of the evidence or public policy grounds.

## IV.  MODIFICATION OF AWARDS

A court may modify an arbitration award if there was an evident miscalculation of figures. 9 U.S.C. § 11(a). Such modification is "generally limited to patently obvious mistakes on the face of the award . . . . Section 11(a) does not permit modification where the award is not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute[.]" Fellus, 783 F. Supp. 2d at 619 (quotation omitted). Federal courts have confirmed arbitration awards despite apparent miscalculations of awards, ruling that such errors

11

"do[ ] not rise to the level of error which is required to vacate [an] award." Companhia de Navegaçao Maritima Netumar v. Armada Parcel Serv., Ltd., No. 96 Civ. 6441 (PKL), 2000 WL 60200, at *7 (S.D.N.Y. Jan. 25, 2000) (quoting B.V.D. Licensing Corp. v. Maro Hosiery Corp., No. 88 Civ. 2459 (RWS), 1990 WL 200648, at *3 (S.D.N.Y. Dec. 4, 1990)).

ARC urges the Court to modify the Awards to accord with its interpretation of the evidence. (Opp'n at 9.) However, the record before this Court demonstrates that ARC does not ask the Court to correct an "evident material miscalculation" of a figure; rather, it asks the Court to review the arbitrator's determination on the merits of the controversy. This type of review is not permitted under Section 11(a). Since ARC has failed demonstrate an "evident material miscalculation" warranting correction, the Court will not modify the Awards.

## CONCLUSION

For the foregoing reasons, the Funds' petition to confirm the two Awards dated December 22, 2011 is GRANTED, and ARC's motion to vacate or modify the Funds' petition is DENIED. The Clerk of the Court is directed to enter judgment in favor of the SI Funds in the amount of $139,880.86, and enter judgment in favor of the MT Funds in the amount of $155,952.69.

Dated: New York, New York
October 17, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

12